# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-476V
Filed: June 23, 2016

| | |
|---|---|
| * * * * * * * * * * * * | UNPUBLISHED |
| *Estate of* ELIO BONDI *by* CLIFFORD | |
| J. SHOEMAKER*, Executor*, | |
| | |
| Petitioner, | Chief Special Master Dorsey |
| | |
| v. | Joint Stipulation on Damages; |
| | Influenza ("Flu") Vaccine; Stroke; |
| SECRETARY OF HEALTH | Death |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| | |
| * * * * * * * * * * * * | |

Renee J. Gentry, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On July 27, 2012, Clifford J. Shoemaker, as executor of the estate of Elio Bondi, filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). The petition alleged that, as a result of receiving an influenza ("flu") vaccination on October 15, 2011, Mr. Bondi suffered a stroke, which resulted in his death on October 27, 2011. Petition at ¶¶ 5-6; Stipulation at ¶ 4.

On June 22, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the flu vaccine caused Mr. Bondi's

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

alleged stroke or any other injury, and denies that Mr. Bondi's death was a sequela of his alleged vaccine-related injury. Stipulation at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following in compensation:

**(1) A lump sum of $9,000.00 in the form of a check payable to petitioner, as legal representative of the estate of Elio Bondi. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| Estate of ELIO BONDI by | ) | |
| CLIFFORD J. SHOEMAKER, Executor, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 12-476V |
| | ) | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND | ) | **ECF** |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Clifford J. Shoemaker, petitioner, as executor of the estate of Elio Bondi ("Mr. Bondi"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Bondi's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Bondi received the flu vaccine on October 15, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine administered on October 15, 2011, caused Mr. Bondi to suffer a stroke, which resulted in his death on October 27, 2011.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Bondi as a result of his alleged vaccine-related injuries and/or his death.

6. Respondent denies that the flu vaccine caused Mr. Bondi's alleged stroke or any other injury, and denies that Mr. Bondi's death was a sequela of his alleged vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $9,000.00, in the form of a check payable to petitioner, as legal representative of the estate of Elio Bondi. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees, if any, and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Bondi's estate under the laws of the District of Columbia.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as the legal representative of Mr. Bondi's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Mr. Bondi's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the estate of Mr. Bondi upon submission of written documentation of such appointment to the Secretary.

13.  In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and as the executor of the estate of Elio Bondi, on behalf of himself, the estate, and Mr. Bondi's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr.

3

Bondi resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 15, 2011, as alleged by petitioner in a petition for vaccine compensation filed on July 27, 2012, in the United States Court of Federal Claims as petition No. 12-476V.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Bondi's alleged stroke, any other injury, or his death.

17.  All rights and obligations of petitioner in his capacity as the executor of the estate of Elio Bondi shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of Mr. Bondi's estate.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

CLIFFORD J. SHOEMAKER

ATTORNEY OF RECORD FOR
PETITIONER:

RENEE J. GENTRY
Shoemaker, Gentry & Knickelbein
9711 Meadowlark Road
Vienna, VA 22182
Tel:  (703) 281-6395

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI  CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

AMY R. KOKOT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-4118

Dated:  6/22/2016

5