# In the United States Court of Federal Claims OFFICE
## OF SPECIAL MASTERS
No. 12-476V
February 23, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| *Estate of* ELIO BONDI *by* CLIFFORD J. SHOEMAKER, *Executor*, | * * * | |
| Petitioner, | * * | Chief Special Master Dorsey |
| v. | * * | |
| | * | Influenza ("Flu") Vaccine; Stroke; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Death; Attorneys' Fees and Costs; Unnecessary Billing By Multiple |
| | * | Attorneys |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

Renee J. Gentry, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

### I.  Introduction

On December 22, 2016, petitioner filed an application for attorneys' fees and costs, requesting $34,257.25 in attorneys' fees and $16,407.87 in attorneys' costs, for a total fees and costs award of $50, 665.12.  Petitioner's ("Pet'r's") Application ("App") dated 12/22/2016 (ECF No. 64) at 1.  Respondent has not objected to petitioner's application for fees and costs on the basis of a lack of good faith or reasonable basis.  Respondent's ("Resp's") Response ("Resp.") dated 01/09/2017 (ECF No. 65) at 2.

For the reasons set forth below, the undersigned GRANTS petitioner's motion for attorneys' fees and costs and awards petitioner $45,519.40 in reimbursement for fees and costs.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 NOTE (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

1

## II. Background

On July 27, 2012, as executor of the estate of Elio Bondi ("Mr. Bondi"), Clifford J. Shoemaker ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-1 to -34 (2012). The petition alleged that, as a result of an influenza ("flu") vaccination Mr. Bondi received on October 15, 2011, he suffered from a stroke on October 17, 2011, and died on October 27, 2011. From September 20, 2012, to April 14, 2014, petitioner filed medical records and, on May 16, 2014, he filed a statement of completion. On August 20, 2013, respondent filed his Rule 4 Report ("Resp's Rep't") stating that petitioner failed to meet the burden of proof for either a diagnosis of stroke or causation of stroke from a flu vaccination. Resp's Rep't dated 08/20/2013 (ECF No. 27).

On January 23, 2014, petitioner filed an expert report from Dr. Joseph A. Bellanti, along with his CV and medical literature referenced in his report. ECF No. 32. Petitioner also filed an expert report from Dr. Carlo Tornatore on October 14, 2014. ECF No. 43. On June 22, 2016, the parties filed a stipulation stating that a decision should be entered awarding compensation. ECF No. 58. The undersigned issued a decision pursuant to the parties' stipulation on June 23, 2016, awarding petitioner $9,000.00 in compensation. ECF No. 59.

Petitioner's motion for attorneys' fees and costs is now ripe for adjudication.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3) (1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent

and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i. Unnecessary and Duplicative Time Billed by Multiple Attorneys

The undersigned has previously found it reasonable to reduce the fees paid to petitioners due to duplicative billing.  See Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced CHCC's overall fee award by 10 percent due to excessive and duplicative billing).  The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case and have reduced fees accordingly.  See Sabella, 86 Fed. Cl. at 209.  The undersigned reduces petitioner's fee request as she finds some billing entries unnecessary and duplicative.

After carefully reviewing the billing records, the undersigned finds that Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein billed excessive amounts of time for intra-office communication, including meetings, telephone calls, and office memoranda.[2]  For example, on March 12, 2014, and August 11, 2014, Mr. Shoemaker and Ms. Knickelbein billed for email correspondence with each other.[3]  On June 6, 2014, Mr. Shoemaker entered three different time entries for intra-office communications between himself and Ms. Gentry.[4]  Other times, two or more attorneys, and occasionally a paralegal, would be involved in the communications, which accounted for at least 7.7 billable hours.[5]  On his own, Mr. Shoemaker billed about 4.7 hours of

---

[2] See Pet'rs' App. at 4-8, 10, 12-15.

[3] See Pet'rs' App. at 3-5, 13.

[4] See Pet'rs' App. at 6.

[5] See Pet'rs' App. at 4-10, 12-16.  It is impossible to account for exactly how much time was spent by petitioner's attorneys on intra-office communication due to the block billing.  Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is disfavored.  Broekelschen v. Sec'y of Health & Human Servs. 2008 U.S. Claims LEXIS 399 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) at *13-14 (reducing petitioner's attorneys' fees and criticizing her for block billing); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task.  Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."  Office of Special Masters, Guidelines for Practice Under the National Vaccine Injury Compensation Program (Rev. Ed. 2004) § XIV.A.3.  Counsel's practice of block billing makes it nearly impossible to ascertain compensable from non-compensable tasks in certain entries.  For this reason, the amount of time spent on intra-office communication cannot be exactly calculated and is likely greater than the 7.7 hours cited above.

duplicative work.[6] The petitioner has not offered any explanation as to why it was necessary for so many attorneys to bill for the same case meetings and correspondence.

Other special masters as well as the undersigned have found these practices unnecessarily duplicative. See Ericzon, 2016 WL 447770; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

## ii. Administrative Time

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of Health & Human Servs., 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner's counsel's time sheets contain numerous entries that are best characterized as administrative time. For example, Mr. Shoemaker billed time for the purpose of calendaring deadlines, distributing office assignments, setting up meetings, and filing documents.[7] Similarly, his associates billed time for confirming deadlines and drafting and filing documents.[8] Mr. Shoemaker even billed one hour of time to file the attorneys' fees and costs application.[9] At least six hours of Mr. Shoemaker and his associates' billable time is best characterized as administrative work.[10] These types of entries do not constitute billable time, and the undersigned thus reduces the petitioner's fee award for them.

## iii. Vague Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. Mostovoy, 2016 WL 720969; Barry v. Sec'y of Health and Human Servs., 12-39V, 2016 WL 6835542 ( Fed. Cl. Spec. Mstr. Oct. 25, 2016) (a fee award was reduced by ten percent due to vague billing entries). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that the special master may determine, from the application and the case file, whether the amount requested is reasonable.

---

[6] See Pet'rs' App. at 3-9, 10, 12-16. See also Pet'rs' App. at 10-16.

[7] See Pet'rs' App. at 4-5, 7-8, 9.

[8] See Pet'rs' App. at 10, 12-15.

[9] See Pet'rs' App. at 9.

[10] See Pet'rs' App. at 4-5, 7-10, 12-15.

Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned finds the number of vague billing entries in this case particularly troubling. Mr. Shoemaker billed almost two hours over 15 separate billing entries to "review [a] pleading." Pet'rs' App. at 3-4, 6, 8-9. Without additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable.[11] Time records should be sufficiently detailed so that the undersigned may understand the amount of time being spent and the work being performed. Additionally, Mr. Shoemaker billed one hour for reviewing and discussing a motion for review, even though no motion for review was filed in this case.[12] At least five and a half hours were billed for entries that did not include sufficient detail about what tasks were being performed and why.[13] The undersigned thus reduces petitioner's fee award for vague entries.

For all of these reasons, the undersigned will reduce petitioner's entire fee award by ten percent. **The undersigned reduces petitioner's requested attorneys' fees by $3,425.73.**

    b. Costs

        i. **Expert Fees**

            1. **Dr. Carlo Tornatore**

Petitioner requests $6,200.00 for the expert services of Dr. Carlo Tornatore. Pet'rs' App. at 17. Dr. Tornatore billed a total of 15.5 hours in this case at a rate of $400.00 per hour. Pet'rs' App. at 31. Petitioner did not state any reasons why Dr. Tornatore is entitled to such a rate, and respondent did not object to this rate. In Laderer v. Sec'y of Health & Human Servs., No. 09-097V, 2016 WL 3044838, at *6 (Fed. Cl. Spec. Mstr. Apr. 20, 2016), the undersigned has previously found the rate of $400.00 per hour to be a reasonable hourly rate for an expert's services. See also L.A. v. Sec'y of Health & Human Servs., No. 12-629V, 2016 WL 1104860, at *6 (Fed. Cl. Spec. Mstr. Feb. 29, 2016) (Special Master Millman found an hourly rate of $400.00 per hour reasonable for Dr. Tornatore). Thus, the undersigned awards Dr. Tornatore $400.00 per hour for the 15.5 hours that he spent working on the case. Dr. Tornatore filed a detailed invoice explaining the work he performed and the amount of time he spent, and the undersigned finds all of this time reasonable and awards petitioner $6,200.00 for his services.

            1. **Dr. Joseph Bellanti**

---

[11] Assuming, *arguendo*, that Mr. Shoemaker was reviewing pleadings that were relevant to the case and that this time was otherwise billable, the undersigned notes that this time would likely not be billable, as the majority of Ms. Knickelbein's billable time was spent reviewing the filings in this case, suggesting that this work is duplicative. See Pet'rs' App. at 11-16.

[12] See Pet'rs' App. at 8.

[13] See Pet'rs' App. at 3-4, 6, 8-10.

Petitioner requests $8,600.00 for the expert services of Dr. Joseph Bellanti. Pet'rs' App. at 17. Dr. Bellanti billed a total of 21.5 hours in this case at a rate of $400.00 per hour. Pet'rs' App. at 30. Petitioner did not state why Dr. Bellanti is entitled to such a rate, and respondent did not object to this rate. However, based on Dr. Bellanti's invoice, the undersigned finds his bill excessive and duplicative with respect to multiple entries for "meet[ing] with attorney." Pet'rs' App. at 30.

After carefully reviewing the billing records, the undersigned finds that Mr. Shoemaker and Dr. Bellanti engaged in both excessive and duplicative practices.[14] These meetings account for almost 11.5 hours of Dr. Bellanti's time and 20.5 hours of Mr. Shoemaker's time.[15] Additionally, these meetings are unusually frequent and account for more than half of the time billed by Dr. Bellanti.[16] The excessive and duplicative nature of the billed meetings for Dr. Bellanti and Mr. Shoemaker are troublesome.

Special masters have often reduced fee awards for excessive billing regarding expert testimony. See Morse v. Sec'y of Health & Human Servs., 89 Fed. Cl. 683, 689 (Fed. Cl. 2009) (Judge Bush affirmed Special Master Moran's decision to reduce expert fees award); Warfle ex. rel. Guffrey v. Sec'y of Health & Human Servs., No. 05-1399V, 2012 WL 4845635, at *31 (Fed. Cl. Spec. Mstr. Sept. 21, 2012) (Special Master Lord found petitioner's counsel did not support the "purpose, value, or appropriateness" of the 16.6 hours billed to confer with medical consultants). The fee applicant bears the burden to "submit[ ] evidence sufficient to support the number of hours expended." Warfle, 2012 WL 4845635, at *31. Neither Mr. Shoemaker nor Dr. Bellanti have provided evidence that would illuminate the need for their unusually frequent communications. Given her familiarity with the firm's billing practices, the undersigned finds the frequent and prolonged communication between petitioner and Dr. Bellanti excessive. Furthermore, as with intra-office communications, the practice of duplicative billing is disfavored, and such billing practices will not compensated.

For all of these reasons, the undersigned finds the billing in Dr. Bellanti's invoice so excessive and duplicative as to warrant a reduction in his expert fees award by 20 percent. **The undersigned reduces Dr. Bellanti's expert fees award by $1,720.00, and thus awards $6,880.00.**

### ii.   Other Costs

The undersigned finds that all other costs requested by petitioner, including costs associated with collecting and copying medical records, photocopies, filing fees, and postage costs are reasonable. She thus awards petitioner $14,687.87 in attorneys' costs. In accordance

---

[14] See Pet'rs' App. at 3-8, 30.

[15] See Pet'rs' App. at 3-8, 30. It is impossible to account for exactly how much time was spent by petitioner and Dr. Bellanti in meetings due to the block billing. See infra note 5. Mr. Shoemaker and Dr. Bellanti's practice of block billing makes it nearly impossible to ascertain the compensable from the non-compensable tasks in certain entries. For this reason, the amount of time spent on intra-office communications cannot be exactly calculated and could be far greater.

[16] See Pet'rs' App. at 30.

with General Order #9, petitioner stated that he incurred no personal costs in this case. Pet'r's App. at 2.

## II. Conclusion

The undersigned awards petitioner the following amounts for attorneys' fees and costs:

<u>Petitioner's Application for Attorneys' Fees & Costs</u>:

| | |
|---|---|
| Requested Attorneys' Fees: | $34,257.25 |
| Reductions: | ($3,425.73) |
| Awarded: | $30,831.53 |
| | |
| Requested Attorneys' Costs: | $16,407.87 |
| Reductions: | ($1,720.00) |
| Awarded: | $14,687.87 |
| | |
| Total: | $45,519.40 |

**Accordingly, the Court awards:**

**$45,519.40, representing attorneys' fees and costs. This award shall be in the form of a check made payable jointly to petitioner and Shoemaker, Gentry & Knickelbein.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[17]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[17] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.